UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09814-JLS-E                                        Date: January 10, 2025
Title: Mary L. Holste et al v. 3M Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)   ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 34)**

Before the Court is Plaintiffs Mary and Kenneth Holste's (collectively, "Plaintiffs") Motion to Remand. (Mot., Doc. 34.) Defendant The Boeing Company opposed, and Plaintiffs replied. (Opp., Doc. 41; Reply, Doc. 47.) Having taken this matter under submission, and for the following reasons, the Court GRANTS Plaintiffs' Motion and REMANDS the action to the Superior Court of California for the County of Los Angeles, Case No. 24STCV16424.

I.     **BACKGROUND**

On July 2, 2024, Plaintiffs filed a lawsuit in the Superior Court of California for the County of Los Angeles against Defendants 3M Company, Cirrus Enterprises LLC, Cytec Engineered Materials, Inc., Dexter Hysol Aerospace LLC, Henkel Corporation, Hexcel Corporation ("Hexcel"), MD Helicopters, LLC, Privet Fund Management LLC, Shell Oil Company, The Boeing Company ("Boeing"), and Wyeth Holdings LLC. (Ex. A to Notice of Removal ("NOR"), Compl., Doc. 1-1.)  Plaintiffs allege that Mrs. Holste was exposed to asbestos as a result of take-home exposure from her husband who worked at Hughes Helicopter, a civilian and military worksite, from 1965 to 1994, as well as through personal use of Johnson & Johnson baby powder in the 1960s and 1970s.  (*Id.* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09814-JLS-E　　　　　　　　　　　　　　　Date: January 10, 2025
Title: Mary L. Holste et al v. 3M Company et al

7.) Plaintiffs contend that Mrs. Holste contracted mesothelioma as a result of this asbestos exposure. (*Id.* ¶ 9.) Plaintiffs assert claims for negligence, breach of express and implied warranties, strict liability in tort, premises owner/contractor liability, and loss of consortium. (*Id.* ¶¶ 10–91.) Plaintiffs bring claims against Boeing individually and as successor by merger to "MD HELICOPTERS, LLC. f/k/a McDONNELL DOUGLAS HELICOPTER SYSTEMS as Successor in interest to McDONNELL DOUGLAS CORPORATION f/k/a HUGHES HELICOPTERS, INC f/k/a SUMMA CORPORATION." (*Id.* ¶ 52.) Plaintiffs' claims are "based upon employer premises liability" for Boeing's alleged negligence in failing to "maintain, manage, inspect, survey, or control said premises, or to abate or correct, or to warn" Plaintiffs of the existence of "dangerous conditions and hazards" on the premises where Mr. Holste worked. (*Id.* ¶ 55.)

On October 16, 2024, Plaintiffs filed discovery responses "indicat[ing] that Mr. Holste allegedly was exposed to asbestos from helicopter parts." (NOR ¶ 6, Doc. 1; Ex. B to NOR ("Pl.'s Resp. to Interrogatories"), Doc. 1-2.) On November 7, 2024, Mrs. Holste testified in deposition that her husband "made small parts for the military on guns that they mounted on the helicopters" at Hughes Helicopter. (Ex. B to Opp. ("Mrs. Holste Depo.") 58:8–9, Doc. 41-2; *see also* NOR ¶ 6.)

Boeing removed this action to federal court on November 13, 2024, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1), the federal officer removal statute. (NOR.) On December 23, 2024, Boeing filed an amended Notice of Removal, in which it added that its basis for removal under federal officer jurisdiction applies to both Plaintiffs' allegations against Boeing and the cross-claims of Defendant Hexcel. (Amended NOR ¶ 10, Doc. 45.)

On December 11, 2024, Plaintiffs filed a "Notice of Waiver of All Government or Military-based Claims Against The Boeing Company." (Waiver, Doc. 33.) Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-09814-JLS-E                                                          Date: January 10, 2025
Title:  Mary L. Holste et al v. 3M Company et al

Waiver states that they "have not sought and do not intend to seek any liability against Defendant The Boeing Company relating to military equipment." (*Id.* at 2.)  The Waiver clarifies that Plaintiffs' Complaint is directed only at "asbestos exposures sustained from civilian products and equipment at civilian work sites" and explicitly "disclaim[s] and waive[s] any cause of action or claim for recovery based on Mrs. Holste's exposure to asbestos originating from a product manufactured for the United States government and/or military or used in connection with a United States government and/or military product or contract." (*Id.*)  Plaintiffs' Waiver "confirm[s] [that] they are not asserting, and hereby expressly disclaim, any cause of action or claim to which a 'government contractor' defense might apply." (*Id.*)

Plaintiffs now request that the Court remand this action to state court. (*See generally* Mot.)  Additionally, Plaintiffs seek an award of attorneys' fees and costs on the grounds that Boeing "lacked an objectively reasonable basis for seeking removal." (*Id.* at 16.)

**II.    LEGAL STANDARD**

Generally, there is a strong presumption against removal jurisdiction, causing courts to strictly construe removal statutes against removal and putting the burden of establishing removal on defendants. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).  However, courts construe 28 U.S.C. § 1442, the federal officer removal statute, "broadly in favor of removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  Nevertheless, a defendant seeking to remove pursuant to that Section must "demonstrate" that they fall within the statute's requirements. *Id.* at 1251.  And, when a plaintiff's motion to remand raises a factual attack to a defendant's jurisdictional allegations, a defendant must still support its jurisdictional allegations with competent proof. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014).  Section 1442(a)(1) authorizes removal of a state-court action against "any officer (or any person

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-09814-JLS-E | Date: January 10, 2025 |
| Title:  Mary L. Holste et al v. 3M Company et al | |

acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such officer." 28 U.S.C. 1442(a)(1).  Removal is appropriate under Section 1442(a)(1) when the removing defendant establishes that: "(1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [defendant] took pursuant to a federal officer's direction, and (3) it has a 'colorable; federal defense to plaintiffs' claims."  *Leite*, 749 F.3d at 1120.

Courts assess jurisdiction based on the facts that exist at the time of removal. *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1147(c).

### III.    ANALYSIS

Boeing contends that federal officer jurisdiction is proper because it is entitled to a government contractor defense.[1]  (NOR ¶ 14.)  Plaintiffs argue that remand is required because (1) their waiver of any liability against Boeing relating to military equipment

---

[1] In addition to the government contractor defense, Boeing claims that it "also is entitled to federal officer removal under 28 U.S.C. § 1442(a)(1) based on the separate defense of derivative sovereign immunity set forth in *Yearsley v. W.A. Ross Construction Co.,* 309 U.S. 18, 21 (1940)."  (NOR ¶ 16.)  This argument is misplaced as *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the case setting forth the government contractor defense, "is merely an expansion of *Yearsley* and 'does not set forth a separate doctrine.'"  *Schnabel v. BorgWarner Morse TEC*, 2008 WL 11336462, at *8 (C.D. Cal. Oct. 6, 2008); *see also Boyle,* 487 U.S. at 506 (discussing *Yearsley*).  Moreover, courts in the Ninth Circuit have "rarely allowed the use of the [*Yearsley*] defense, and only in the context of property damage resulting from public works projects[,]" which is not the case here.  *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 880 (9th Cir. 2014), *aff'd*, 577 U.S. 153, *as revised* (Feb. 9, 2016).  For these reasons, *Yearsley* does not provide Boeing an additional federal defense upon which to establish federal officer jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-09814-JLS-E | Date: January 10, 2025 |
| Title:  Mary L. Holste et al v. 3M Company et al | |

defeats any basis for federal jurisdiction, and (2) Boeing has failed to identify sufficient facts supporting federal officer jurisdiction.  (Mot. at 5.)

**A. Plaintiffs' Waiver Precludes Federal Officer Jurisdiction**

"[C]ourts in the Ninth Circuit have recognized that when the federal officer removal statute is at issue, a plaintiff may expressly waive claims that would give rise to potential federal defenses."  *Marcher v. Air & Liquid Sys. Corp.*, 2022 WL 562268, at *2 (C.D. Cal. Feb. 24, 2022) (concluding that remand was appropriate because plaintiffs "expressly waived their government or military-based claims" and citing similar cases); *see also Fisher v. Asbestos Corp.*, 2014 WL 3752020 (C.D. Cal. July 30, 2014).  A Plaintiff's waiver is "sufficient to eviscerate [a defendant's] grounds for removal." *Hukkanen v. Air & Liquid Sys. Corp.*, 2017 WL 1217075, at *2 (C.D. Cal. Mar. 31, 2017) (holding that plaintiff's waiver "eviscerate[d]" defendant's removal and collecting cases deciding the same).  This analysis applies even when a plaintiff files a waiver after a defendant's removal.  *See Fisher*, 2014 WL 3752020, at *5.

Here, Plaintiffs have expressly waived any claims against Boeing for recovery based on "exposure to asbestos originating from a product manufactured for the United States government and/or military or used in connection with a United States government and/or military product or contract."  (Waiver at 2.)  Boeing nonetheless argues that Plaintiffs' Waiver does not defeat removal because both the Waiver and Plaintiffs' Complaint fail to distinguish between Mr. Holste's civilian and military exposures to asbestos and, even if that Waiver is valid, Hexcel's cross-complaint for indemnification precludes remand.  (Opp. at 7, 9–11, 14, 17–18.)  The Court disagrees.

As to Boeing's first argument, however difficult it may be to disentangle harm caused to Mr. Holste by work on civilian versus government equipment, it is Plaintiffs "who will have to overcome such difficulty to prove liability through exposures [to] non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-09814-JLS-E | Date: January 10, 2025 |
| Title:  Mary L. Holste et al v. 3M Company et al | |

government [equipment]."  *Long v. 3M Co.*, 2024 WL 866819, at *3 (D. Or. Jan. 31, 2024), *report and recommendation adopted*, 2024 WL 865872 (D. Or. Feb. 29, 2024).  In this sense, despite Boeing's assertions to the contrary, this is not a case where Plaintiffs' claims are based on "indivisible" federal and non-federal work.  *Cf. Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 187 (1st Cir. 2024) (finding a waiver invalid where it was "impossible to sever" federal and non-federal work based on defendant's simultaneous negotiation of rebates for federal and private clients).  Thus, Plaintiffs' disclaimer of any liability against Boeing relating to military equipment resolves the causal nexus and colorable federal defense prongs of the federal officer removal test against removal.

As to Boeing's second argument, Hexcel's cross-complaint does not require the court to retain jurisdiction because removal is not available to deal with federal issues that "enter the case through a counterclaim asserted by the defendant."  *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 & n. 36 (4th ed. 2024); *see also Frawley v. Gen. Elec. Co.*, 2007 WL 656857, at *4 (S.D.N.Y. Mar. 1, 2007) ("[R]emoval is not available to deal with federal issues that arise in counterclaims and cross-claims.").

**B. Even Absent Plaintiffs' Waiver, the Court Lacks Jurisdiction**

Even if Plaintiffs' Waiver were insufficient to defeat federal officer jurisdiction, Boeing has not established that it can satisfy the requirements for federal officer removal under Section 1442(a)(1).

As set forth above, to remove a case under Section 1442(a)(1), a defendant must establish that: "(1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [defendant] took pursuant to a federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-09814-JLS-E | Date: January 10, 2025 |
| Title: Mary L. Holste et al v. 3M Company et al | |

officer's direction, and (3) it has a 'colorable federal defense to plaintiffs' claims." *Leite*, 749 F.3d at 1120.

Here, the parties do not contest that Boeing is a person within the meaning of Section 1442(a). Rather, the parties disagree as to whether Boeing can satisfy the second and third elements for removal under Section 1442(a)(1). (*See* NOR ¶¶ 11, 12–15; Mot. at 12–16.) Other courts have noted that, in a government contractor case, the causal nexus analysis "is essentially the same as [that associated with] the colorable defense requirement." *Leite v. Crane Co.*, 868 F. Supp. 2d 1023, 1041 (D. Haw. 2012), *aff'd*, 749 F.3d 1117 (9th Cir. 2014) (quoting *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 785 (E.D. Pa. 2010)). Accordingly, the Court analyzes the second and third elements for removal pursuant to Section 1442(a)(1) together.

Under *Boyle v. United Technologies Corp.*, the government contractor defense shields military contractors from state law tort liability when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." 487 U.S. 500, 512 (1988). *Boyle* "recognize[s] a special circumstance" in which a "contractor may assert a defense" "where the government has directed a contractor to do the very thing that is the subject of the claim." *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 74 n.6 (2001). Because the government contractor defense "is an affirmative defense, [a defendant has] the burden of establishing it." *Id.* at 746. The Court is "nonetheless mindful" "that at the removal stage the federal defense need only be 'colorable.'" *Leite*, 868 F. Supp. 2d at 1030 (internal citation and quotation omitted).

Here, the evidence submitted by Boeing does not show a causal nexus between Plaintiffs' claims and Boeing's alleged conduct at the direction of a federal officer nor does it establish a colorable government contractor defense to Plaintiffs' claims. While

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-09814-JLS-E                                                                 Date: January 10, 2025
Title:  Mary L. Holste et al v. 3M Company et al

Boeing removed this action based on two sentences in Plaintiffs' interrogatory responses and Mrs. Holste's deposition, neither those sentences nor any other evidence presented by Boeing plausibly establish that Mr. Holste was actually exposed to asbestos while working with or around component parts of military helicopters.  (NOR ¶¶ 6–7; *see also* Pl.'s Resp. to Interrogatories at 14; Holste Depo. 58:8–9.)  In other words, Boeing does not demonstrate that the fabrication of "small parts for military guns" on its premises involved asbestos or that Mr. Holste's work fabricating such small parts meant he actually worked on military helicopters.

      Moreover, Boeing submitted no evidence that the government directed it to use asbestos in the manufacturing, repair, and/or servicing of helicopters.  While Boeing shows that the design specifications for its helicopters were issued and approved by the government, that the helicopters conformed to government specifications, and that the government's knowledge of the hazards of asbestos was superior to that of Boeing, such evidence says nothing about whether such helicopters utilized asbestos, whether the U.S. government required the use of asbestos, or whether the U.S. government mandated that Boeing refrain from issuing warnings relating to asbestos.  (*See generally* McCaffery Decl., Doc. 41-3; Exs. B–O, Ex. R to McCaffery Decl., Docs. 41-4, 41-5, 41-6, 41-7.)  Indeed, Boeing does not even attempt to argue that its submitted evidence demonstrates that any use of asbestos on its premises was federally required.  (*See* Opp. at 20–21.)  Absent such a showing, Boeing's government contractor defense is not colorable.  *See In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992) (affirming a district court's holding that a defendant was not entitled to a government contractor defense where it produced no evidence that the government required or prohibited asbestos warnings); *Willis v. Buffalo Pumps Inc.*, 34 F. Supp. 3d 1117, 1125 (S.D. Cal. 2014) (rejecting defendant's government contractor defense where "absent from [d]efendant's evidence [was] any reasonably precise specification requiring the use of asbestos[]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-09814-JLS-E                                    Date: January 10, 2025
Title:  Mary L. Holste et al v. 3M Company et al

For these reasons, the Court lacks jurisdiction under the federal officer removal statute, and this action must be remanded.

**C. Plaintiffs' Request for Attorney Fees and Costs**

Plaintiffs request the Court to order Boeing to pay attorney fees and costs associated with removal.  (Mot. at 16.)  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Although the Court rules against Boeing, its removal was not objectively unreasonable.  Plaintiffs' request for costs and fees is therefore DENIED.

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion and REMANDS this action to the Superior Court of California for the County of Los Angeles, Case No. 24STCV16424.

Initials of Deputy Clerk: kd